IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL DISTRICT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

**MICHAEL G. KUEPPERS,**

    Plaintiff,

                                                                                **CASE NO.:**

vs.

**VANTAPRO SPECIALTY INSURANCE COMPANY,**

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, MICHAEL G. KUEPPERS (hereinafter referred to as "KUEPPERS"), by and through his attorney, GREGORY P. LINEHAN, ESQ., and files this action against the Defendant, VANTAPRO SPECIALTY INSURANCE COMPANY (hereinafter referred to as "VANTAPRO SPECIALTY") and states as follows:

    1.    This is an action for damages in excess of $30,000.00 and therefore this Court has subject matter jurisdiction.

    2.    That at all times material hereto, KUEPPERS was a resident of Sarasota County, Florida.

    3.    That at all times material hereto, VANTAPRO SPECIALTY was a foreign profit corporation, authorized and licensed to do business in the State of Florida, and therefore, this Court has personal jurisdiction over this Defendant.

## ALLEGATIONS OF FACT

    4.    That on or about May 29, 2021, KUEPPERS was a restrained driver of a 2016 Ford Transit vehicle, owned by CR Fitness Holdings, LLC dba Crunch Fitness, which was traveling south on Tamiami Trail approaching the intersection of Island Park Road in Lee County, Florida.

5. That on or about May 29, 2021, KUEPPERS was involved in a motor vehicle accident on Tamiami Trail approaching the intersection of Island Park Road in Lee County, Florida with Roberto Luis Cruz, an Uninsured/Underinsured motorist.

6. That on or about May 29, 2021, CR Fitness Holdings, LLC dba Crunch Fitness had in effect a policy of automobile insurance with VANTAPRO SPECIALTY on this automobile, having Uninsured/Underinsured motorist coverage. VANTAPRO SPECIALTY has a copy of said policy of insurance in its possession.

## COUNT I

## CLAIM FOR UNINSURED/UNDERINSURED BENEFITS

The Plaintiff, KUEPPERS, sues the Defendant, VANTAPRO SPECIALTY, and realleges and revers all the allegations contained in Paragraphs 1 through 6 and further states as follows:

7. That as a direct and proximate result of the accident which occurred on or about May 29, 2021, which was caused by the negligence of Roberto Luis Cruz, KUEPPERS has sustained one or more of the following injuries, any one or more of which are the past and/or future: bodily injury and resulting pain and suffering, disability, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization and medical treatment, loss of the ability to earn money and loss of the ability to live a normal life.

8. That at all times material hereto, there was in full force and effect, the aforesaid policy of automobile insurance, containing Uninsured/Underinsured motorist coverage, issued by VANTAPRO SPECIALTY to cover the Plaintiff for injuries and damages above described, and sustained while involved in a motor vehicle collision with an Uninsured/Underinsured driver.

9. Plaintiff has complied with all conditions preceding the filing of this action by making a written demand for the full amount of the benefits available under the insurance policy issued by VANTAPRO SPECIALTY.

10. The Defendant has breached its written agreement with the Plaintiff by refusing to pay the full amount of or any partial portion thereof of the Uninsured/Underinsured benefits available ($1,000,000.00).

WHEREFORE, Plaintiff, MICHAEL G. KUEPPERS, demands judgment for damages against the Defendant, VANTAPRO SPECIALTY INSURANCE COMPANY, including but not limited to the full amount of the injuries incurred in the accident, pre and post-judgment interest on all liquidated claims, costs of this action and such other relief as this court deems appropriate.

## COUNT II - CLAIM FOR "BAD FAITH" DAMAGES
## FLORIDA STATUTES §624.155

The Plaintiff, MICHAEL G. KUEPPERS realleges and revers all the allegations contained in Paragraphs 1 through 6 and further states as follows:

11. As a result of the terms and conditions of the insurance policy issued by VANTAPRO SPECIALTY which provided coverage to the drivers, specifically in this case, KUEPPERS, of the vehicles owned by CR Fitness Holdings, LLC dba Crunch Fitness and the relationship which existed between VANTAPRO SPECIALTY and its' insured CR Fitness Holdings, LLC dba Crunch Fitness and by further operation of law, there arose a fiduciary duty of good faith to CR Fitness Holdings, LLC dba Crunch Fitness and the drivers of their vehicles, specifically in this case, KUEPPERS. Said duty required that VANTAPRO SPECIALTY to handle every aspect of the underlying claim fairly and honestly and with due regard for KUEPPERS' interests.

12. The duty of good faith required among, other things, the following:

   (a) Required VANTAPRO SPECIALTY to conduct all settlement negotiations in good faith and in the best interest of KUEPPERS wherever those interests might be divergent from the interests of the insurance

company.

(b) Required VANTAPRO SPECIALTY to settle the underlying claim of KUEPPERS for any amount up to the policy limits if it could do so, when under all circumstances a reasonably prudent person faced with the prospect of paying the entire claim would do so.

(c) Required VANTAPRO SPECIALTY to exercise reasonable diligence and a level of care commensurate with the undertaking, in every aspect, of handling the KUEPPERS' claim.

(d) Required VANTAPRO SPECIALTY to communicate candidly and with complete integrity, on the KUEPPERS' claim.

(e) Required VANTAPRO SPECIALTY to investigate the facts, circumstances and damages of the KUEPPERS' claim.

(f) Required VANTAPRO SPECIALTY to initiate negotiations and settle, if possible, the KUEPPERS' claim.

(g) Required that VANTAPRO SPECIALTY only ask for cooperation, documents and other settlement materials which were required by the policy or law.

14. VANTAPRO SPECIALTY among other things breached this duty of good faith by:

(a) Failing to handle the underlying claim fairly and honestly, and with due regard for his interests.

(b) Failing to settle the underlying claim of its insured when it could have and should have done so, had it acted fairly and honestly, and with due regard for his interests.

    (c)    Failing to initiate settlement negotiations in good faith.

    (d)    Failing to investigate the underlying KUEPPERS' claim.

    (e)    Failing to evaluate the underlying KUEPPERS' claim.

    (f)    Failing to settle the underlying KUEPPERS' claim when it could and should have been done.

    (g)    Failing to communicate to its' insured with complete candor and honesty.

    (h)    Negligently and carelessly adjusting the underlying claim.

15.    As a result of the foregoing breaches by VANTAPRO SPECIALTY, the underlying claim was not settled within the insured's policy limits.

16.    As a result of the inability to obtain use of all UM/UIM benefits, KUEPPERS was unable to receive all necessary medical treatment.  Accordingly, KUEPPERS's recovery was delayed and/or KUEPPERS was prohibited from making a full or more complete recovery.

17.    KUEPPERS retained this undersigned attorney and is obligated to pay their reasonable fees and costs.

18.    KUEPPERS has sustained damages which include but are not limited to lost use of UM/UIM, interest, emotional and mental anguish, grief, suffering and damages, attorney's fees and Court costs.

WHEREFORE, Plaintiff, MICHAEL G. KUEPPERS, demands judgment for damages against the Defendant, VANTAPRO SPECIALTY INSURANCE COMPANY, for damages, costs, attorney's fees, and such other relief as this Court deems appropriate and demands a trial by jury.

DATED this ___8th___ day of November, 2022.

WITTMER | LINEHAN, PLLC

_____
**GREGORY P. LINEHAN, ESQ.**
Florida Bar No.: 0087970
2014 Fourth Street
Sarasota, Florida 34237
Tel: (941) 365-2296
Fax: (941) 365-0829